**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

MOHAMMAD SABRI and MONA SABRI,

Plaintiffs,

v.

CHUBB INDEMNITY INSURANCE COMPANY,

Defendant.

Case No. 0:26-cv-01689 (PJS/SGE)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONFIRM APPRAISAL AWARD, STRIKE IMPROPER CONDITIONS, AND COMPEL PAYMENT**

This motion presents a narrow enforcement dispute following completion of the contractual appraisal process required by the parties' insurance policy.

Following the total-loss fire of Plaintiffs' home, the parties invoked appraisal to determine the amount of loss. That process concluded with a detailed scope and valuation establishing the replacement cost of rebuilding the property. Defendant paid portions of the award but continues to withhold approximately $610,000 relating to General Contractor Overhead and Profit ("GCOP").

Defendant does not dispute GCOP may be owed. Instead, Defendant attempts to impose post-appraisal conditions requiring Plaintiffs to incur reconstruction expenses before payment is made. Those conditions were not imposed by the appraisal panel and are inconsistent with the purpose of appraisal.

Because appraisal determines the amount of loss and is binding on the parties, Defendant may not unilaterally modify the result or delay payment based on new conditions.

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiffs suffered a catastrophic fire loss. On March 25, 2024, Plaintiffs' residence suffered catastrophic fire damage resulting in a total or near-total loss.

2. The parties invoked appraisal under the policy. Because disputes arose regarding the amount of loss, the parties invoked the appraisal provision of the insurance policy.

3. The appraisal process determined the amount of loss. The appraisal panel evaluated the reconstruction scope and determined the replacement cost value of the dwelling loss (Exhibit A).

4. Defendant paid portions of the appraisal award. Following the award, Defendant issued payments relating to portions of the determined loss.

5. Defendant withheld GCOP. Defendant withheld approximately $610,000 relating to GCOP.

6. Defendant acknowledges GCOP may be owed. In written correspondence, Defendant acknowledged GCOP may be recoverable but asserted payment would occur only if Plaintiffs incurred contractor costs (Exhibit B).

7. Plaintiffs demanded payment. Plaintiffs requested release of the withheld funds (Exhibit C).

8. Defendant has not released the funds. Defendant continues to withhold payment.

**LEGAL STANDARD**

Under Minnesota law, appraisal provisions are enforceable contractual mechanisms used to determine the amount of loss. See Quade v. Secura Ins., 814 N.W.2d 703 (Minn. 2012).

Courts consistently hold appraisal determinations are binding as to valuation issues absent fraud or procedural defect. See Auto-Owners Ins. Co. v. Kwaiser, 476 N.W.2d 467 (Minn. Ct. App. 1991).

Federal courts routinely enforce appraisal awards where a party refuses compliance with contractual dispute resolution provisions.

## ARGUMENT

### I. APPRAISAL AWARDS ARE BINDING AS TO AMOUNT OF LOSS

The appraisal process resolved the valuation dispute. Defendant does not allege fraud, bias, or irregularity. Because valuation was determined, Defendant cannot relitigate components of that valuation.

### II. DEFENDANT CANNOT IMPOSE NEW CONDITIONS AFTER APPRAISAL

Defendant attempts to require incurred construction costs before releasing GCOP. The appraisal panel imposed no such condition. Allowing such conduct would defeat the purpose of appraisal and permit insurers to rewrite awards.

### III. GCOP IS PART OF REPLACEMENT COST WHERE RECONSTRUCTION REQUIRES COORDINATION

Major residential reconstruction typically requires general contractor coordination across multiple trades. The appraisal panel evaluated this complexity. GCOP therefore forms part of the determined replacement cost.

### IV. COURTS COMPEL PAYMENT OF UNDISPUTED APPRAISAL AMOUNTS

Courts regularly compel payment of undisputed appraisal amounts to prevent improper delay. Insured parties cannot rebuild while funds remain improperly withheld.

V. DEFENDANT'S POSITION IMPROPERLY CONVERTS APPRAISAL INTO REPLACEMENT COST LITIGATION

Defendant's position effectively attempts to reopen valuation through post-appraisal payment conditions. Courts reject attempts to convert completed appraisal determinations into ongoing disputes.

VI. ENFORCEMENT PROMOTES JUDICIAL ECONOMY

This is a narrow enforcement issue appropriate for resolution without trial. Enforcement promotes efficiency and respects contractual dispute resolution mechanisms.

**CONCLUSION**

Plaintiffs respectfully request that the Court:

1. Confirm the appraisal award;
2. Declare GCOP part of the determined loss;
3. Strike Defendant's post-appraisal payment conditions;
4. Order Defendant to pay $610,000;
5. Order payment within fourteen (14) days;
6. State this motion concerns only enforcement of the appraisal award;
7. Grant any additional relief the Court deems just and proper.

**RESERVATION OF RIGHTS**

This motion concerns only enforcement of the appraisal award and does not address remaining claims. Plaintiffs expressly reserve all additional rights and remedies.

Date: March 19, 2026

/s/ Mohammad Sabri
Mohammad Sabri
6813 Creston Road
Minneapolis, MN 55435
Plaintiff, Pro Se