**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

EXHIBIT B

Refusal of GCOP

Sabri v. Chubb

Case No. 0:26-cv-01689

Gmail **Hamoudi <hamoudimsabri@gmail.com>**

---

**Claim file #092024017333;- Mona Sabri and Mohammad Sabri Chubb Indemnity Insurance Company**
2 messages

---

**Little, John** <jlittle@chubb.com> Fri, Feb 13, 2026 at 6:07 AM
To: Hamoudi <hamoudimsabri@gmail.com>
Cc: Muna Sabri <monasabri@me.com>, Tim Fisher <tfisher@gavnat.com>, "john@demandatrial.com" <john@demandatrial.com>, Aziz Kamara <aziz@magkam.com>

Dear Mr. Sabri –

Chubb has never asserted that it possesses the right to dictate, approve, or otherwise control your selection of a contractor. The appraisal award states:

> The insured did not have a general contractor at the time of the appraisal hearing on 10/1/2025. If the insured does retain a general contractor, an additional 10% overhead and 10% profit is warranted pending proof these services are used and pertaining to the services the general contractor managed during the rebuild and/or repairs to the dwelling.

Chubb rejects your demand for immediate release of the contingent portion of award for overhead and profit. The appraisers were tasked with determining the reasonable cost of repairs to the dwelling falling within the scope of the policy. The quoted language reflects their finding that if you actually use a general contractor for some or all of the repairs, you would be entitled to overhead and profit as to that portion of the work.

Your understanding that Chubb this contingent portion of the appraisal award arose from post-appraisal communications with the appraisal panel is not accurate. There were no such communications. Chubb's position was only communicated to the panel during the appraisal.

We therefore must reject your demand that Chubb pay the overhead and profit portion of the award without satisfying the conditions imposed by the appraisal award, quoted above.

Finally, we deny your assertion that Chubb failed to pay amounts due under the appraisal award within a required time frame of three days. Chubb was entitled to evaluate the

appraisal award, including the 65-page attachment, and to determine its contractual obligations before paying the amounts that it concluded were presently due. Chubb acted reasonably promptly after receipt of the award. If you have any contractual or statutory basis for contending that payment was not timely, please provide it.

Attached is a copy certified policy that we previously provided

Chubb Indemnity Insurance Company fully reserves all its rights and obligations under the Policy, and neither this correspondence nor any other actions taken by myself or any other representative of Chubb Indemnity Insurance Company is to be construed as a waiver of any Policy conditions, limitations, provisions or exclusions; a waiver of the insured's rights or obligations under the Policy; or a waiver of any defenses presently or hereinafter available to Chubb Indemnity Insurance Company under the Policy or otherwise.

For your protection, state law require that we inform you of the following: A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

If there is any additional information that you wish to submit to assist in the assessment of your claim please provide it to us as soon as possible.

CHUBB

**John Little CPCU, AIC, ARM**

Executive General Adjuster, AVP - North America Property Claims

Florida License # A156644

CHUBB

PO Box 716

Portland, ME 04104

M 215-776-1133 F 800-664-5358 email: jlittle@chubb.com

I strive to take care of all inquiries and questions directly with you. If you need to speak with my manager, please contact John Meyer at 516-725-0803 or via email at john.meyer@chubb.com

-

Chubb. Insured.™

---

**Proud To Claim Chubb**

---

**From:** Hamoudi <hamoudimsabri@gmail.com>
**Sent:** Monday, February 9, 2026 8:00:00 AM
**To:** Little, John <jlittle@chubb.com>
**Cc:** TFisher@gavnat.com <
**Subject:** [EXTERNAL] Demand for Release of $600,000 Appraisal Reward

Dear Mr. Little,

I am writing to formally object to the $600,000 portion of the appraisal award being made contingent upon approval of a contractor approved by Chubb, and to demand its immediate release.

There is no provision in my policy that grants Chubb the right to dictate, approve, or otherwise control who I hire or retain for reconstruction of my home. If Chubb believes such authority exists, I request that you identify the specific policy language that confers it. Absent such language, this contingency is improper and unenforceable.

The appraisal process did not include any objection to my representative, Frank, who is an experienced building official with multiple construction-related credentials. No requirement for a licensed contractor was raised during the appraisal, nor was any such requirement imposed on Chubb's side. The appraisal was recorded by Chubb's counsel, and the record will reflect that no such condition was discussed or agreed upon.

It is my understanding that this contingency arose from post-appraisal communications between Chubb, the appraisers, and the umpire. Any post-appraisal influence or modification of the award is improper and unacceptable. The $600,000 contingency appears to have been introduced after the appraisal and without contractual or procedural basis. I reject it in full.

Accordingly, I demand that the $600,000 be released immediately and deposited to my Chase Bank account without further conditions. If Chubb maintains its position, I expect a written response identifying the precise policy language relied upon and a full explanation of the post-appraisal communications that led to this contingency.

Additionally, the appraisal funds were not disbursed within the required timeframe. The funds were due within three days and were instead released weeks later, placing Chubb in default.