**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

EXHIBIT C

Demand Letter

Sabri v. Chubb

Case No. 0:26-cv-01689

03/16/2026

**John Little, Claims Adjuster** jlittle@chubb.com
Chubb Indemnity Insurance Co.
436 Walnut St.
Philadelphia, PA 19106

**RE: Demand for Immediate Release of Appraisal Award** Insured: Mohammad Sabri and Mona Sabri Claim No. 092024017333 Policy No. 001413829602
Date of Loss: March 25, 2024

Dear Mr. Little:

I am writing to formally demand the immediate and unconditional release of the full appraisal award amount of $610,000.00, as determined by the appraisal panel in connection with the above-referenced claim. A portion of this award has been improperly withheld based on conditional payment language that exceeds the authority of the appraisal panel under both Minnesota law and the terms of the applicable policy.

## A. The Appraisal Panel's Authority Was Limited to Determining the Amount of Loss

Under Minnesota Statute § 65A.01 and the appraisal clause contained in my policy, the appraisal panel was convened for one purpose: to determine the amount of loss. The policy contains no language granting the panel authority to impose conditions on payment, establish disbursement schedules, or otherwise dictate how or when covered amounts are to be paid. Those are functions reserved exclusively to the insurer under the policy's claims-handling provisions.

## II. The "Paid When Incurred" Condition Is Void and Without Legal Effect

The appraisal award includes the following language regarding General Contractor Overhead and Profit (O&P):

*"The inclusion of General Contractor Overhead & Profit acknowledges that the scope of repair would ordinarily necessitate general contractor coordination. However, as no GC was retained by the insured and the insured testified he's the contractor; the O&P portion is designated as 'paid when incurred' and shall be disbursed only upon substantiation of such expense. The cost is payable when incurred, subject to coverage & limits."*

This language constitutes an improper imposition of a payment condition by the appraisal panel. The panel's role was to determine whether O&P is a compensable component of the loss, which it acknowledged it is, and to assign a dollar value to it. Having done so, the panel exhausted its authority. It had no power to then condition the release of those funds on future substantiation of expenses.

Furthermore, the award's reference to testimony that I stated 'I am the contractor' is disputed. I did not testify to that effect, and the panel's characterization of my testimony is inaccurate. However, even if I were to serve in a contractor capacity, that fact alone would not disqualify me from receiving O&P. Overhead and Profit compensates for the coordination burden and administrative costs inherent in a multi-trade repair of this scope, regardless of who performs the work. Conditioning or withholding O&P on this basis is both legally unsupported and inconsistent with how Minnesota courts have treated this issue.

**III. Demand for Payment**

Accordingly, I hereby demand that Chubb Indemnity Insurance Co. release the full appraisal award of $610,000.00 without condition or further delay. The conditional “paid when incurred” language inserted by the panel is void as outside the scope of the panel’s authority and is not binding on either party.

Please confirm in writing within three (3) days of the date of this letter that the full award amount will be released, or provide a written explanation of any legal or policy basis upon which you intend to continue withholding funds. If I do not receive satisfactory confirmation within that timeframe, I will have no choice but to pursue all available legal remedies, including but not limited to a motion to confirm the appraisal award and vacate the improper conditional language in the appropriate Minnesota court, as well as any applicable remedies under Minnesota’s bad faith statute.
I trust that this matter can be resolved promptly and without the need for further legal action. I look forward to your timely response.

Respectfully,
Hamoudi Sabri
6813 Creston Rd.
Edina, MN 55435
612-990-5160
hamoudimsabri@gmail.com
Sent via: ☐ Certified Mail ☑ Email ☐ Both