**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mohammad O. Sabri and Mona Sabri,                Case No. 26-cv-1689 (PJS/SGE)

        Plaintiffs,

                                     **ORDER**

v.

Chubb Indemnity Ins. Co.,

        Defendant.

---

This matter is before the Court on Plaintiffs' Motion for Equitable Tolling and Leave to Supplement Damages. (Dkt. 7.) Plaintiffs have filed a complaint against Defendant Chubb Indemnity Insurance Co. ("Chubb") for damages due under an insurance contract following a house fire. (*See* Dkt. 1.) Plaintiffs' motion asks for the court to (1) grant it leave "to supplement their damages to include losses discovered after the initial claim submission" and (2) "equitably toll[] any contractual or policy limitations periods relating to these supplemental damages[.]" (Dkt. 7 at 1.)

At this time, nothing prevents Plaintiffs from amending their Complaint. Plaintiffs filed the Complaint in this matter on March 2, 2026. (Dkt. 1.) The Federal Rules allow parties to amend a pleading once as a matter of course no later than 21 days after serving it or within 21 days after service of a responsive pleading, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A). To date, no proof of service or answer to the Complaint has been filed, and so the 21-day period set out in Rule 15(a) has not even begun to run. Plaintiffs are

1

therefore able to amend their Complaint as a matter of course without the court's advance permission.

Plaintiffs also ask for an order equitably tolling any contractual or policy limitations period relating to the supplemental damages they seek to add to their Complaint. "Equitable tolling is premised on the excusable neglect of the filing party, and [it] preserves a claim after the filing period has expired." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998) (cleaned up); *Medeiros v. Safeco Ins. Co. of Ill.*, 809 F. Supp. 3d 884, 890 (D. Minn. 2025).

> Equitable tolling "may be appropriate when a claimant has received inadequate notice, when a motion for appointment for counsel was pending, when the court has led the plaintiff to believe that he had done everything required of him, or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction."

*Jackson v. Hennepin Healthcare Sys., Inc.*, 134 F.4th 1262, 1264 (8th Cir. 2025) (quoting *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 590 (8th Cir. 2003)). At this point in the litigation—before a defendant has responded to the Complaint—it would be inappropriate to address an unopposed request to equitably toll any limitations periods. These issues are best reserved until all parties have appeared and weighed in on the issues. Accordingly, Plaintiffs' request to toll any applicable limitations periods will be denied.

Finally, the Court notes that there does not appear to be any certificate of service or other indication that Chubb Indemnity Insurance Company has received notice of this action. The Federal Rules require a complaint to be served upon a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Even though Plaintiffs are proceeding *pro se*, they must still comply with the Federal Rules of Civil Procedure. *E.g.*, *Ackra Direct*

2

*Mktg. Corp. v. Fingerhut Corp.*, 89 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a plaintiff's "pro se status did not entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case"). The court encourages Plaintiffs to effect service on the defendant so that this matter can proceed. Failure to do so could result in this matter being dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m), 41(b).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Equitable Tolling and Leave to Supplement Damages (Dkt. 7) is **GRANTED-IN-PART and DENIED-IN-PART** as set forth above. Plaintiffs may file an Amended Complaint pursuant to Rule 15(a)(1)(A).

Date: March 23, 2026                               *s/Shannon G. Elkins*
                                                   SHANNON G. ELKINS
                                                   United States Magistrate Judge