UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MOHAMMAD O. SABRI and MONA SABRI,

Case No. 26-CV-1689 (PJS/SGE)

Plaintiffs,

ORDER

v.

CHUBB INDEMNITY INSURANCE COMPANY,

Defendant.

---

Mohammad O. Sabri, pro se.

Plaintiffs Mohammad and Mona Sabri brought this breach-of-contract action against defendant Chubb Indemnity Insurance Company ("Chubb") seeking to recover additional benefits under a homeowner's insurance policy for losses they experienced as a result of a house fire that occurred on March 25, 2024. This matter is before the Court on the Sabris' motion for a temporary restraining order ("TRO"). ECF No. 16. The Sabris allege that Chubb has refused to pay the "undisputed General Contractor Overhead and Profit ('GCOP') portion of the appraisal award" and has discontinued payment of Additional Living Expenses ("ALE") benefits. ECF No. 16 at 1; Compl. ¶¶ 3–4, ECF No. 1.[1]

---

[1]This case "arise[s] from the same insurance policy, fire loss, and appraisal dispute" at issue in Case No. 25-CV-3164. ECF No. 5. In that case, the Court denied

(continued...)

In reviewing a motion for a temporary restraining order, a court must consider four factors:  (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between that harm and the harm that granting the injunction will inflict on the other parties; and (4) the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

In this case, the Sabris' motion fails because of the absence of irreparable harm. *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 667 (8th Cir. 2022) ("The absence of irreparable harm 'is an independently sufficient ground upon which to deny a preliminary injunction.'") (quoting *Grasso Enters., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016)).  "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages."  *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).  The Sabris argue that, if Chubb does not continue paying ALE and release the GCOP, they will be exposed "to housing instability, inability to rebuild, prolonged displacement, and increased damages."  ECF No. 16 at 9.  To make matters clear, the

---

[1](...continued)
Chubb's motion for a temporary restraining order to enjoin the appraisal because Chubb had not identified any irreparable harm.  *Chubb Indemnity Ins. Co. v. Sabri*, No. 25-CV-3164 (PJS/SGE), ECF No. 17 at 3 (D. Minn. Sept. 25, 2025).

Sabris argue that this alleged harm is irreparable "because delay itself increases total loss and hardship."  ECF No. 16-1 at 8.

The Court disagrees.  This is a routine insurance-coverage dispute, like hundreds of others that have been filed in this Court, almost none of which have resulted in a TRO motion.  The reason why this Court almost never sees TRO motions in insurance-coverage cases is clear:  Almost always, the only thing at stake is money.  Although the Sabris claim that their harms "cannot be fully remedied later," the harms that they identify—"increased repair costs, additional deterioration, extended displacement, and increased insurance exposure"—can readily be compensated through money damages. ECF No. 16-1 at 4.

In sum, whatever harm the Sabris may be facing as a result of Chubb's failure to pay money—specifically, GCOP and ALE payments—is reparable with money.  The Sabris' motion for a temporary restraining order is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiffs' motion for a temporary restraining order [ECF No. 16] is DENIED.

Dated: April 1, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court

-3-