**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mohammad Sabri and Mona Sabri,

Plaintiffs,

v.

Chubb Indemnity Insurance Company,

Defendant.

Case No. 26-cv-1689-DWF/DTS

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT WITH JURY DEMAND**

---

Defendant Chubb Indemnity Insurance Company hereby responds to the Complaint filed by Plaintiffs Mohammad Sabri and Mona Sabri, denying every allegation, matter, and item in the Complaint, except as otherwise expressly admitted, qualified, or answered below.

## I. INTRODUCTION[1]

1. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits only that the parties dispute Chubb's obligations under Chubb homeowners

---

[1] Each numbered paragraph in this Answer responds to the corresponding numbered paragraph in the Complaint. The headings and subheadings in this Answer are reproduced from the Complaint and are included for clarity and organization only. While Plaintiffs filed an Exhibit List with the Court, ECF 1-1, Plaintiffs did not file the referenced exhibits with the Court. *See generally* Docket. Neither the Exhibit List nor the exhibits were served on Chubb.

insurance policy number 14138296-02, effective from January 1, 2024 to January 1, 2025 (the "Policy") concerning Plaintiffs' claims for overhead and profit and additional living expenses following a March 25, 2024, fire at the dwelling located at 6813 Creston Road in Edina, Minnesota. Chubb denies the remaining allegations in this Paragraph.

2. On information and belief, Chubb admits only that reconstruction of the dwelling has not been completed and Plaintiffs have resided elsewhere since the March 25, 2024, fire. Chubb is without information sufficient from which to admit or deny the allegations in this Paragraph concerning Mr. Sabri's health and therefore denies them. Chubb denies the remaining allegations in this Paragraph.

3. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states the allegations in the first sentence of this Paragraph characterize the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb also states that the parties dispute Chubb's obligations under the Policy concerning Plaintiffs' claim for overhead and profit. Chubb denies the remaining allegations in this Paragraph.

4. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states that the parties dispute Chubb's obligations under the Policy concerning Plaintiffs' claim for additional living expenses. Chubb denies the remaining allegations in this Paragraph.

5. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies Plaintiffs are entitled to any relief. Chubb denies the remaining allegations in this Paragraph.

**II. PARTIES**

6. Chubb admits only that Chubb Executive General Adjuster John Little spoke with Plaintiffs on or about March 29, 2024, and Mr. Sabri told Mr. Little he was undergoing chemotherapy at that time. Chubb is without information sufficient from which to admit or deny the remaining allegations in this Paragraph to the extent they concern Mr. Sabri undergoing chemotherapy at any other time following the March 25, 2024, fire and therefore denies them. On information and belief, Chubb admits the remaining allegations in this Paragraph.

7. On information and belief, Chubb admits the allegations in this Paragraph.

8. Admit.

9. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states that Mr. Little served as Chubb's Executive General Adjuster on Plaintiffs' claim under the Policy.

**III. JURISDICTION AND VENUE**

10. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb

admits only that this Court has jurisdiction over this action.

11. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits this Court has jurisdiction over this action.

12. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits that venue is proper in this Court.

13. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits only that this Court has jurisdiction over Chubb.

## IV. FACTUAL ALLEGATIONS

### A. The Insurance Policy

14. Chubb admits only that the Policy insured the dwelling subject to the Policy's terms, conditions, exclusions, and limitations all of which speak for themselves.

15. Admit.

16. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

17. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

18. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

19. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

20. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

21. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

22. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

23. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states that to the extent the allegations in this Paragraph characterize the content of the Policy and Minnesota Statute Section 72A.201, the Policy and statute speak for themselves, and Chubb denies any allegations inconsistent therewith.

24. The allegations in this Paragraph characterize the content of the Policy,

which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb admits that pursuant to the Policy's terms and conditions, the $10,000 "base deductible" was waived because the loss caused by the March 25, 2024, fire (the "Loss") was greater than $50,000.

**B. The Fire and Initial Claim**

25. On information and belief, Chubb admits only that the March 25, 2024, fire damaged the dwelling and Plaintiffs have resided elsewhere since the March 25, 2024, fire.

26. Chubb is without information sufficient from which to admit or deny the allegations in this Paragraph and therefore denies them.

27. Deny as stated. Chubb admits only that Paul Norcia reported the Loss to Chubb on or about March 25, 2024, and John Little served as Chubb's Executive General Adjuster on Plaintiffs' claim under the Policy. Chubb further admits only that Mr. Little spoke with Plaintiffs on or about March 29, 2024, and Mr. Sabri told Mr. Little he was undergoing chemotherapy at that time.

28. Deny as stated. Chubb admits only that Chubb retained Joseph Sandvik of Young & Associates to assess the damage to the dwelling and estimate the cost to replace or repair damage to the same.

29. Chubb is without information sufficient from which to admit or deny the allegations in this Paragraph and therefore denies them.

30. Deny as stated. On information and belief, Chubb admits only that it learned during the claim investigation that Mr. Norcia's Minnesota public adjuster license expired

on January 31, 2023. Chubb further admits that while Mr. Norcia represented to Chubb that he was retained as Plaintiffs' consultant, Mr. Norcia acted as Plaintiffs' claim advocate during the claim investigation. Chubb is without information sufficient from which to admit or deny the remaining allegations in this Paragraph and therefore denies them.

31. Deny.

32. Deny

**C. Chubb's Delays During Claims Adjustment**

33. Admit.

34. The allegations in this Paragraph characterize the contents of unidentified documents, which speak for themselves, and Chubb denies any allegations inconsistent therewith.

35. Chubb states that the allegations in this Paragraph characterize the contents of unidentified documents, which speak for themselves, and Chubb denies any allegations inconsistent therewith. Chubb admits only that it issued a $2,570,376.91 undisputed payment for the dwelling on or about December 19, 2024.

36. Chubb admits only that the parties disputed whether the March 25, 2024, fire damaged a structural steel beam and, if so, the manner of repair. Chubb denies the remaining allegations in this Paragraph.

37. Chubb admits only that the parties disputed whether the March 25, 2024, fire damaged the steel beam and, if so, the manner of repair. To the extent the allegations in this Paragraph characterize the contents of unidentified documents, such documents speak

for themselves, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

38. Chubb denies the allegations in the first sentence of this Paragraph. Chubb states that the allegations in the second sentence of this Paragraph characterize the contents of the Appraisal Award and unidentified documents, which speak for themselves, and Chubb denies any allegations inconsistent therewith.

39. Chubb denies the allegations in this Paragraph as they pertain to it. Chubb states it is without information sufficient from which to admit or deny the allegations in this Paragraph concerning alleged information provided to Plaintiffs by their appraiser, Kyle Brown, and therefore Chubb denies them. Chubb denies the remaining allegations in this Paragraph.

40. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states that the allegations in this Paragraph characterize the contents of unidentified documents, which speak for themselves, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

**D. The Appraisal Process**

41. The allegations in this Paragraph characterize the content of a February 20, 2025, letter from Plaintiffs, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

42. The allegations in this Paragraph characterize the content of a March 14,

2025, letter from Chubb, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

43. Admit.

**E. Chubb's Federal Lawsuit and Its Effect on the Appraisal**

44. The allegations in this Paragraph characterize the content of a June 12, 2025, email from Chubb, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

45. The allegations in this Paragraph characterize the content of a June 17, 2025, email from Samrina Sabri, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

46. The allegations in this Paragraph characterize the content of a June 17, 2025, email from Chubb and a June 18, 2025, letter from Paul Norcia, which speak for themselves, and Chubb denies any allegations inconsistent therewith.

47. The allegations in this Paragraph characterize the content of a June 23, 2025, email from Walt Cook, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

48. The allegations in this Paragraph characterize the content of a July 30, 2025, email from Mr. Sabri, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

49. Chubb admits only that on August 8, 2025, it filed a Complaint in the matter captioned *Chubb Indemnity Insurance Company v. Sabri, et al.*, Case No. 25-cv-3164 (D.

Minn.), which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

50. The allegations in this Paragraph characterize the content of Chubb's August 8, 2025, Complaint in the matter captioned *Chubb Indemnity Insurance Company v. Sabri, et al.*, Case No. 25-cv-3164 (D. Minn.), which speaks for itself, and Chubb denies any allegations inconsistent therewith.

51. The allegations in this Paragraph characterize the content of pleadings and orders in the matter captioned *Chubb Indemnity Insurance Company v. Sabri, et al.*, Case No. 25-cv-3164 (D. Minn.), which speak for themselves, and Chubb denies any allegations inconsistent therewith.

52. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits only that the appraisal inspection was initially scheduled for July 2, 2025, the appraisal inspection ultimately took place on October 1, 2025, and the Appraisal Award was issued on or about December 12, 2025. Chubb denies the remaining allegations in this Paragraph.

53. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

54. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb

denies the allegations in this Paragraph.

55. On information and belief, Chubb denies the allegations in this Paragraph.

**F. The Appraisal Award**

56. Deny as stated. Chubb admits only that the umpire issued the Appraisal Award on or about December 12, 2025.

57. The allegations in this Paragraph characterize and/or quote the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

58. The allegations in this Paragraph characterize and/or quote the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

59. The allegations in this Paragraph characterize the content of the Appraisal Award and unidentified documents, which speak for themselves, and Chubb denies any allegations inconsistent therewith.

60. The allegations in this Paragraph characterize the content of the Appraisal Award and unidentified documents, which speak for themselves, and Chubb denies any allegations inconsistent therewith.

**G. Chubb's Refusal to Pay the $610,000 O&P Award**

61. Admit.

62. The allegations in this Paragraph characterize and/or quote the content of the December 31, 2025, letter from Chubb, which speaks for itself, and Chubb denies any

allegations inconsistent therewith.

63. The allegations in this Paragraph characterize and/or quote the content of the December 31, 2025, letter from Chubb, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

64. The allegations in this Paragraph characterize the content of the January 13, 2026, letter from Chubb, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

65. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states the allegations in this Paragraph characterize and/or quote the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

66. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes and/or quotes the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb further states this Paragraph characterizes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

67. On information and belief, Chubb admits only that Plaintiffs have not

retained a general contractor. Chubb is without information sufficient from which to admit or deny the remaining allegations in this Paragraph and therefore Chubb denies them.

68. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of Young & Associates' December 19, 2024, estimate, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

69. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb further states this Paragraph characterizes and/or quotes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

70. Admit.

**H. Chubb's Refusal to Extend ALE Beyond March 25, 2026**

71. On information and belief, Chubb admits only that reconstruction of the dwelling has not been completed and Plaintiffs have resided elsewhere since the March 25, 2024, fire.

72. Deny as stated. Chubb admits only that as of March 25, 2026, it has paid $356,227.94 under the Policy's coverage for additional living expenses.

73. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

74. The allegations in this Paragraph characterize and/or quote the content of the November 14, 2025, letter from Chubb, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

75. The allegations in this Paragraph characterize the content of the December 31, 2025, and January 13, 2026, letters from Chubb, and Chubb denies any allegations inconsistent therewith.

76. The allegations in this Paragraph characterize and/or quote the content of the January 23, 2026, letter from Chubb, and Chubb denies any allegations inconsistent therewith.

77. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

78. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

79. The allegations in this Paragraph contain conclusory statements of law and/or

argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph as they pertain to it. Chubb states it is without information sufficient from which to admit or deny the allegations in this Paragraph concerning discussions between Plaintiffs and their appraiser, Kyle Brown, and therefore Chubb denies them.

80. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of the Appraisal Award and unidentified documents, which speaks for themselves, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

81. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

82. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

83. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

84. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb

states this Paragraph characterizes and/or quotes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

**I. Impact on Mr. Sabri**

85. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits only that Mr. Sabri has not resided in the dwelling since the March 25, 2024, fire and that Chubb commenced a lawsuit concerning the Loss in August 2025. Chubb is without information sufficient from which to admit or deny the allegations in this Paragraph concerning Mr. Sabri's health between March 25, 2024, and the present, and therefore denies them. Chubb denies the remaining allegations in this Paragraph.

86. Deny as stated. Chubb admits only that Mr. Little spoke with Plaintiffs on or about March 29, 2024, and Mr. Sabri told Mr. Little he was undergoing chemotherapy at that time. Chubb is without information sufficient from which to admit or deny the remaining allegations in this Paragraph to the extent they concern Mr. Sabri undergoing chemotherapy at any other time following the March 25, 2024, fire and therefore denies them.

87. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states it is without information sufficient from which to admit or deny the allegations in this Paragraph concerning Mr. Sabri's health and therefore denies them. Chubb denies the

remaining allegations in this Paragraph.

88. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states it is without information sufficient from which to admit or deny the allegations in this Paragraph concerning Mr. Sabri's health and therefore denies them. Chubb denies the remaining allegations in this Paragraph.

**V. CLAIMS PAYMENT SUMMARY**

89. Deny as stated. Chubb admits that as of March 25, 2026, Chubb has paid Plaintiffs $356,227.94 under the Policy's coverage for additional living expenses. Chubb admits the remaining allegations in this Paragraph.

90. Chubb states this Paragraph characterizes the contents of unidentified documents which speak for themselves, and Chubb denies any allegations inconsistent therewith.

91. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits there is a dispute as to Chubb's obligations under the Policy concerning Plaintiffs' claim for overhead and profit and additional living expenses. Chubb denies the remaining allegations in this Paragraph.

**VI. CLAIMS FOR RELIEF**

**COUNT I: BREACH OF CONTRACT – REFUSAL TO PAY $610,000 OVERHEAD AND PROFIT**

92. Chubb reincorporates its responses to Paragraphs 1-91 of the Complaint as if

fully set forth herein.

93. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits that it issued the Policy, subject to its terms, conditions, exclusions, and limitations, all of which speak for themselves, to Plaintiffs.

94. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

95. The allegations in this Paragraph characterize the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith.

96. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes and/or quotes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb admits only that the Appraisal Award, which is subject to the Policy's terms and conditions, determined the amount of loss with respect to the dwelling.

97. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes and/or quotes the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb further states this Paragraph characterizes the content of the Policy, which speaks for itself and is

the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb also states this Paragraph characterizes the contents of unidentified documents which speak for themselves, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

98. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb also states this Paragraph characterizes the contents of unidentified documents which speak for themselves, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

99. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of the Appraisal Award, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb further states this Paragraph characterizes and/or quotes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

100. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes the content of Young & Associates' December 19, 2024,

estimate, which speaks for itself, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

101. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

102. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

**COUNT II: BREACH OF CONTRACT – REFUSAL TO EXTEND ADDITIONAL LIVING EXPENSES**

103. Chubb reincorporates its responses to Paragraphs 1-102 of the Complaint as if fully set forth herein.

104. The allegations in this Paragraph characterize and/or quote the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith.

105. Admit.

106. On information and belief, Chubb admits only that reconstruction of the dwelling has not been completed and Plaintiffs have resided elsewhere since the March 25, 2024, fire.

107. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph, including at subparagraphs a-d.

108. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

109. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states this Paragraph characterizes and/or quotes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

110. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

111. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

**COUNT III: DECLARATORY JUDGMENT**

112. Chubb reincorporates its responses to Paragraphs 1-111 of the Complaint as if fully set forth herein.

113. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits only that the parties dispute Chubb's obligations under the Policy concerning Plaintiffs' claims for overhead and profit and additional living expenses.

114. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb admits only there is a dispute as to Chubb's obligations under the Policy concerning Plaintiffs' claim for overhead and profit. Chubb denies the remaining allegations in this Paragraph.

115. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states there is a dispute as to Chubb's obligations under the Policy concerning Plaintiffs' claim for additional living expenses. Chubb also states this Paragraph characterizes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb further states this Paragraph characterizes the contents of unidentified documents which speak for themselves, and Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

116. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb states there is a dispute as to Chubb's obligations under the Policy concerning Plaintiffs' claim for additional living expenses. Chubb also states this Paragraph characterizes the content of the Policy, which speaks for itself and is the best evidence of its terms, and Chubb denies any allegations inconsistent therewith. Chubb further states this Paragraph characterizes the contents of unidentified documents which speak for themselves, and

Chubb denies any allegations inconsistent therewith. Chubb denies the remaining allegations in this Paragraph.

117. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph, including at subparagraphs a-d, and denies that Plaintiffs are entitled to any relief of any kind.

**COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

118. Chubb reincorporates its responses to Paragraphs 1-117 of the Complaint as if fully set forth herein.

119. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph, including at subparagraphs a-d.

120. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

121. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

122. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb denies the allegations in this Paragraph.

123. The allegations in this Paragraph contain conclusory statements of law and/or argument to which no response is required. To the extent a response is required, Chubb is without information sufficient from which to admit or deny the allegations in this Paragraph and therefore Chubb denies them.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

The unnumbered paragraphs beginning with "WHEREFORE," contain conclusory statements of law and/or argument, to which no response is required. To the extent a response is required, Chubb denies that Plaintiffs are entitled to any relief of any kind, including but not limited to actual, compensatory, consequential, bad faith, and punitive damages, declaratory judgment, attorney's fees, costs, disbursements, and pre-judgment and post-judgment interest. Chubb denies the remaining allegations in this unnumbered paragraph, including sub-paragraphs A. through G.

## AFFIRMATIVE DEFENSES

**AND NOW,** having fully responded, paragraph by paragraph, Chubb asserts the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and therefore, the claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Chubb met, and

has not breached, its contractual and legal duties.

**THIRD AFFIRMATIVE DEFENSE**

The claims asserted against Chubb in the Complaint are subject to every term, provision, definition, condition, limitation, exclusion, limit or sublimit of the Policy and all endorsements thereto. Chubb incorporates the Policy in its entirety as a defense to the allegations in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Minnesota common law, statutes, or other laws governing the interpretation, construction, and/or scope of coverage under the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages are not covered under the Policy.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited, in whole or in part, to the extent Plaintiffs failed to comply with the "Your duties after a loss" provisions of the Policy, including but not limited to the following duties:

**Your duties after a loss**

If you have a loss this policy may cover, you must perform these duties:

***

> **Protect property.** You must take all reasonable means that are necessary to protect property from further loss or damage.

> **Prepare an inventory**. You must prepare an inventory of damaged personal property, describing the property in full. It should show in detail the amount insured under this policy and actual amount of the loss. Attach bills, receipts, and other documents to support your inventory.
>
> **Display property**. You must show us the damaged property when we ask.
>
> **Proof of loss**. You must submit to us your signed, sworn proof of loss providing all information and documentation we request such as the cause of loss, inventories, receipts, repair estimates and other similar records.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited, in whole or in part, by the Policy's Extended Replacement Cost provision which states in relevant part:

> **Extended replacement cost.** If the payment basis is extended replacement cost, we will pay the reconstruction cost even if this amount is greater than the amount of coverage for your house as shown in the Coverage Summary or the amount of coverage for other permanent structures as shown in the Coverage Summary.
>
> Extended replacement cost is provided on the condition that you maintain at least the amount of coverage for your house and other permanent structures as previously agreed to, including any adjustments by us based on appraisals, revaluations and annual adjustments for inflation.
>
> If you have a covered partial loss to your house or other permanent structure and do not begin to repair, replace, or rebuild the lost or damaged property within 180 days from the date of loss or a later date if agreed to by us, we will only pay the reconstruction cost, less depreciation.

The Policy defines "Reconstruction cost" as:

> [T]he lesser of the amount required at the time of loss to repair, replace or rebuild, at the same location, your house or any other permanent structure, using like design, and materials and workmanship of comparable kind and quality. This includes the reasonable cost for matching to ensure visual continuity with any adjacent undamaged portions of your house or other permanent structure consisting of the same materials.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, by the Policy's Additional Living Expenses provision which states in relevant part:

> **Additional living expenses**
> Under certain conditions when your house or other permanent structure cannot be lived in because of a covered loss to your house or other permanent structure or, if applicable, its contents, we provide coverage for additional living expenses which consists of extra living expenses, loss of fair rental value and forced evacuation expenses. If Limited additional living expenses coverage is shown in the Coverage Summary, the amount shown for this limited coverage is the maximum amount we will pay for all additional living expenses combined for each occurrence. There is no deductible for this coverage.
>
> **Extra living expenses**. If a covered loss makes your house or other permanent structure uninhabitable, we cover the reasonable increase in your normal living expenses that is necessary to maintain your household's usual standard of living, including the boarding of domestic animals not primarily owned or kept for business use. We will pay for the boarding of your domestic animals displaced from an other permanent structure even when you have not been displaced by the covered loss. We cover these increases to your normal living expenses for a period of time commencing with the date of loss and ending with the earliest of the following:
>
> - the reasonable amount of time required to restore your house or other permanent structure to a habitable condition;
> - the shortest amount of time required to settle elsewhere if you or members of your household permanently relocate;

- the reasonable amount of time required to restore the house or other permanent structure to the condition it was in prior to the covered loss if you are newly constructing your house or other permanent structure or constructing additions, alterations, or renovations to your house or other permanent structure at the time of a covered loss, but we will only cover the increase in your normal living expenses incurred by you; or
- up to two years from the date of loss, or a later date if agreed to by us.

***

You must inform us of your decision whether you intend to repair, replace, or rebuild the house or other permanent structure, or to permanently relocate, within 180 days from the date of loss, or a later date if agreed to by us. If you do not inform us of your decision by this date, the extra living expenses will cease in 30 days.

This period of time is not limited by the expiration of this policy.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited, in whole or in part, by the Policy's appraisal provision which provides in relevant part:

Appraisals

If you or we fail to agree on the amount of loss, you or we may demand an appraisal of the loss. Each party will select and appraiser within 20 days after receiving written request from the other. The two appraisers will select a third appraiser.

***

Written agreement signed by any two of the three appraisers shall set the amount of the loss.

***

We do not waive our rights under this policy by agreeing to an appraisal.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have not satisfied the terms and conditions of the Appraisal Award which state in relevant part:

| ITEM | RCV Damage | ACV Damage |
|---|---|---|
| Property Damage Gross Loss: mitigation & rebuild | $3,050,000.00 | $2,570,376.91 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Permit Paid When Incurred TOTAL | $3,050,000.00 | $2,570,376.91 |

**NOTES:**
The insured did not have a general contractor at the time of the appraisal hearing on 10/1/2025. If the insured does retain a general contractor, an additional 10% overhead and 10% profit is warranted pending proof those services are used and pertaining to the services the general contractor managed during the rebuild and/or repairs to the dwelling.

***

The inclusion of General Contractor Overhead & Profit acknowledges that the scope of repair would ordinarily necessitate general contractor coordination. However, as no GC was retained by the insured and the insured testified he's the contractor; the O&P portion is designated as "paid when incurred" and shall be disbursed only upon substantiation of such expense. The cost is payable when incurred, subject to coverage & limits.

## ELEVENTH AFFIRMATIVE DEFENSE

Any potential coverage for Plaintiffs' claim under the Policy may be limited, in whole or in part, to the extent Plaintiffs have failed to mitigate, minimize, or otherwise avoid any losses or damages.

## TWELFTH AFFIRMATIVE DEFENSE

Without admitting any liability whatsoever, Chubb states that any amounts that may be determined to be recoverable by the Plaintiffs under the Policy are subject to the Policy's deductible, limits of liability, valuation clauses, and all other Policy provisions, conditions, and endorsements thereto.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, ratification, accord and satisfaction, and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Chubb, at all times material to the Complaint, acted reasonably, in good faith, and with reasonable reliance on the facts and circumstances known to Chubb and in full compliance with its duties and obligations to Plaintiffs, whether arising from the Policy, by law, in equity, or otherwise.

## FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting any liability whatsoever, Chubb states that to the extent Plaintiffs suffered severe emotional distress, such distress was not caused by any intentional or reckless and extreme and outrageous conduct on the part of Chubb.

## SIXTEENTH AFFIRMATIVE DEFENSE

Chubb reserves the right to amend or assert additional defenses as further information becomes available. Chubb gives notice it intends to rely on any and all defenses lawfully available to it at the time of trial and reserves its right to supplement and

amend this Answer and assert additional Affirmative Defenses as may be revealed by further investigation, discovery, and determination of the facts.

**WHEREFORE,** Chubb respectfully requests that the Court:

1. Dismiss the Complaint with prejudice and on the merits;

2. Enter judgment in favor of Chubb and against Plaintiffs on all issues;

3. Award Chubb its reasonable attorney fees, costs, and disbursements; and

4. Award Chubb such other and further relief as the Court deems just, equitable, and proper.

## JURY TRIAL DEMAND

Chubb demands trial by jury as to all claims and issues so triable.

April 6, 2026

Respectfully submitted,

**ZELLE LLP**

*s/ Lindsey A. Davis*
Lindsey A. Davis
MN License No. 0332148
500 Washington Avenue South,
Suite 4000
Minneapolis, MN 55415
612-339-2020
ldavis@zellelaw.com

**Attorney for Defendant Chubb Indemnity Insurance Company**